## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| LEXIS WINDSHEIMER; and KAYONA SMART, | CIVIL DIVISION |
| Plaintiffs, | Case No: GD- 24-003476 |
| vs. | Type of Pleading: |
| WEST HOMESTEAD BOROUGH; WEST HOMESTEAD POLICE DEPARTMENT; CHARLES ROZZO, JOHN DOES I THROUGH II, INCLUSIVE; AND ROE BUSINESS ENTITIES I THROUGH II, INCLUSIVE. | **COMPLAINT** |
| Defendants. | Filed on behalf of Plaintiffs: |
| | LEXIS WINDSHEIMER; and KAYONA SMART |

**NOTICE TO PLEAD**

TO:    DEFENDANTS

You are hereby notified to file a written response to this Complaint within twenty (20) days of service hereof or a judgment may be entered against you.

David M. Romanow, Esq.

Counsel of record for Plaintiff:

David M. Romanow, Esquire
Attorney ID No. 311051
E: david@romanowlawgroup.com

Ismail N. Yousef, Esquire
Attorney ID No. 314481
E: iyousef@romanowlawgroup.com

Romanow Law Group
4930 McKnight Road
Pittsburgh, PA 15237
Tel: (412) 642-9100
Fax:(412) 642-9239

**JURY TRIAL DEMANDED**

# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| LEXIS WINDSHEIMER; and<br>KAYONA SMART, | : | CIVIL DIVISION |
| | : | |
| Plaintiffs, | : | Case No: GD- |
| | : | |
| vs. | : | |
| | : | |
| WEST HOMESTEAD BOROUGH; WEST | : | |
| HOMESTEAD POLICE DEPARTMENT; | : | |
| CHARLES ROZZO, JOHN DOES I | : | |
| THROUGH II, INCLUSIVE; AND ROE | : | |
| BUSINESS ENTITIES I THROUGH II, | : | |
| INCLUSIVE. | : | |

Defendants.

## <u>NOTICE TO DEFEND</u>

YOU HAVE BEEN SUED in court.  IF YOU WISH TO DEFEND against the claims set forth in the following pages, YOU MUST TAKE ACTION WITHIN (20) DAYS after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that IF YOU FAIL to do so the case may proceed without you and A JUDGMENT may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  YOU MAY LOSE MONEY OR PROPERTY or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.**

**IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

LAWYER REFERAL SERVICE

The Allegheny County Bar Association
920 City-County Building
Pittsburgh, Pa 15219
Tel. (412) 261-0518

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

LEXIS WINDSHEIMER; and
KAYONA SMART,                                      :        CIVIL DIVISION
                                                   :
            Plaintiffs,                            :        Case No: GD-
                                                   :
    vs.                                            :
                                                   :
WEST HOMESTEAD BOROUGH; WEST    :
HOMESTEAD POLICE DEPARTMENT;    :
CHARLES ROZZO, JOHN DOES I      :
THROUGH II, INCLUSIVE; AND ROE  :
BUSINESS ENTITIES I THROUGH II, :
INCLUSIVE.                                         :

            Defendants.


## COMPLAINT

Plaintiffs allege as follows:

## PARTIES

1.      Plaintiff LEXIS WINDSHEIMER is an adult individual residing at 112 Homer Court, McKees Rocks, PA 15136, in Allegheny County.

2.      Plaintiff KAYONA SMART is an adult individual residing at 473 Calvert Ave., Brentwood, PA, 15227, in Allegheny County.

3.      Defendant WEST HOMESTEAD BOROUGH ("the Borough") is a governmental entity or agency with offices located at 456 West Eighth Avenue, West Homestead, PA, 15210. The Borough is empowered under the laws and statutes of this Commonwealth to regulate and control its Police Department for purposes of law enforcement and for the purpose of protecting and preserving the persons, property, and Constitutional rights of individuals within the Borough's geographical and jurisdictional reach.

4.      Defendant WEST HOMESTEAD POLICE DEPARTMENT ("WHPD") is a governmental agency that is a duly organized police department maintaining an office at 456 West Eighth Avenue, West Homestead, PA, 15120, Allegheny County. Individuals within WHPD, including but not limited to the Chief of Police and Assistant Chief of Police, are policymakers with respect to policing within the Borough and decisions made by these officials represent decisions made by the Borough as well as WHPD.

5.      Defendant CHARLES ROZZO was, at all times, relevant, the Chief of Police of WHPD. As Chief, Rozzo was in a policymaking position at WHPD and his actions represent a decision by WHPD itself. Thus, when Rozzo makes a deliberate choice to follow a course of action, that choice represents official policy of WHPD.

6.      The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants JOHN DOE I through X and/or ROE BUSINESS ENTITIES I through X, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. The Plaintiff is informed and believes and thereupon alleges, that the Defendants, designated herein as a DOE and/or ROE BUSINESS ENTITIES, are any one of the following:

   a.  A party who, acting under color of state law, unconstitutionally deprived Plaintiffs of constitutionally protected rights;

   b.  The Assistant Chief of Police of WHPD;

   c.  The Offending Officer of WHPD (hereinafter "John Doe I" or "Doe I");

   d.  Any police officer or police department who, at all relevant times, worked to create a danger to Plaintiffs under color of state law and the same resulted in an unconstitutional deprivation of Plaintiffs' constitutionally protected rights;

e.  A municipal entity whose agents, policies, protocols, actions or inactions unconstitutionally deprived Plaintiffs of constitutionally protected rights.

f.  A party responsible in some manner for the events and happenings herein referred to, and in some manner caused the injuries and damages proximately thereby to the Plaintiffs as herein alleged;

g.  Parties that were the agents, servants, employees, and contractors of the Defendants, and each of them, acting within the course and scope of their agency, employment, or contract;

h.  Parties that were responsible for the supervision of one or more of the Defendants herein; and

i.  Parties that have assumed or retained the liabilities of any of the Defendants by virtue of an agreement, sale, transfer or otherwise. The Plaintiff specifically complains and alleges one or more causes of action against these parties. However, as of the filing of this Complaint, the Plaintiff is not sure as to whether those entities are individuals, partnerships, limited partnerships, political or governmental agencies or subdivisions, municipalities, corporations, associations of individuals and business, or some other form of business ownership or charter. When the same have been ascertained by the Plaintiff, together with the appropriate charging allegations, the Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Doe Defendants, including DOES I through X and/or ROE BUSINESS ENTITIES I through X, inclusive and to join such in the action.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the Defendants because all Defendants are subject to general personal jurisdiction in the Commonwealth of Pennsylvania, and because this action arises from the Defendants' transactions of business in Pennsylvania and actions that occurred in Allegheny County, Pennsylvania.

8.      Venue is proper in this Court because the Plaintiffs are residents of the County of Allegheny, Commonwealth of Pennsylvania, as are Defendants, and the events at issue arose in and relate to events in Allegheny County, Pennsylvania.

9.      Defendants are headquartered and operate in, are employed in, and/or reside in Allegheny County, PA.

10.     The Court has subject matter jurisdiction pursuant to 42 Pa. C.S.A. Section 931 because Plaintiffs seek damages from Defendants for the violation of Plaintiffs' civil rights and other tortious conduct.

11.     The Court has personal jurisdiction over Defendants under 42 Pa. C.S.A. Sections 5301 and 5322 because Defendants (1) have carried on a continuous and systematic part of their general business in Pennsylvania; and/or (2) caused harm or tortious injury by an act of omission in Pennsylvania; and/or (3) committed violations of the U.S. and Pennsylvania Constitutions within Pennsylvania.

## FACTS COMMON TO ALL CLAIMS

12.     On or about November 16, 2022, a high-speed police chase ensued through the streets of McKeesport as McKeesport police attempted to apprehend the driver of a 2017 silver Kia Forte, McKinnley Torrence.

13. Torrence traversed through McKeesport into Duquesne at a high, dangerous, and egregious speed, endangering the lives of motorists and pedestrians, such that McKeesport police ended the pursuit.

14. As Torrence continued to accelerate through Duquesne, Duquesne Police initiated a second high-speed chase, and like McKeesport Police, terminated the chase as the fleeing KIA approached egregiously dangerous speeds in the populated and bustling streets.

15. Torrence proceeded at high speeds through West Homestead, when a West Homestead police officer ("John Doe I" or "Offending Officer"), on-duty at the time, engaged Torrence in another high-speed pursuit.

16. Doe I began the chase on Route 837, a major and busy thoroughfare which poured into the even more bustling, densely populated, and pedestrian-filled streets of Pittsburgh's South Side. Doe I pursued Torrence at speeds in excess of 120 miles per hour spanning the entire length of Route 837 just before approaching the heavily trafficked corner of East Carson Street near the FBI building, at which point—even then—Doe I did not slow down or abandon the pursuit, forcing Torrence to increase speed through East Carson Street.

17. As Torrence made his way at high speed into the curvy streets of the South Side with the Doe I relentlessly behind him, Torrence entered into oncoming traffic and struck Plaintiffs' vehicle head on. The collision resulted in Torrence's death, caused crumbling damage to both vehicles, and inflicted profound, life-altering injuries to Plaintiffs and others.

18. Doe I owed Plaintiffs, users of the streets and thoroughfares upon which Doe I embarked on a high-speed pursuit, a duty of care to cease or abandon the high-speed chase when, as here, the circumstances thereof posed a grave, imminent, and unjustifiable risk of bodily harm to Plaintiffs.

19. Doe I pushed the limits at speeds in excess of 120mph in crowded neighborhoods and thereby compelled the fleeing suspect to do the same.

20. Doe I had actual knowledge, through Police radio, that several police officers from various police departments outside of the West Homestead jurisdiction were chasing Torrence but decided to terminate their pursuit as a result of numerous instances where Torrence nearly crashed into other vehicles or individuals and placed the general public at a grave and imminent threat of death or serious bodily injury. Despite this knowledge, Doe I engaged Torrence along the busiest streets of the city at astronomical speeds, exhibiting not merely negligent, but grossly negligent conduct and with reckless disregard for the life, bodily integrity, and safety of others, including Plaintiffs.

21. Defendants' conduct, under color of State law, violated the constitutional rights of Plaintiffs under the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania and federal and state statutes, causing Plaintiffs substantial harm.

22. Defendants' conduct, under color of State law, created a grave, unreasonable, capricious, and unjustifiable risk of harm and substantial bodily injury to Plaintiffs.

23. Defendants were policy makers with respect to policing practices and thus any deliberate choice of action or conduct by Defendants represents official policy of the State.

24. At all times relevant, Defendants knew that Torrence was being pursued for summary, misdemeanor, or non-forcible felony offenses, and that as such, a high-speed chase would be prohibited under standard protocol, laws, rules, policies, and regulations.

25. At all times relevant, Defendants knew that if Torrence remained at large and was not pursued in a high-speed chase through populated streets, that Torrence would not pose any immediate or potential danger of death or serious bodily injury to others including Plaintiffs.

26.     At all times relevant, Defendants knew that if Torrence was continuously pursued in a high-speed chase through populated streets, that Torrence would pose an immediate, unjustifiable danger of death or serious bodily injury to others including Plaintiffs.

27.     As a direct and proximate result of the aforesaid Defendants' conduct as set forth herein, Plaintiffs were injured and sustained severe bodily harm, and will continue to experience extreme conscious pain, suffering and loss of enjoyment of life.

28.     As a result of the alleged misconduct of these Defendants, Plaintiffs seek damages for the following injuries and damages:

     a.  Fractures in the lower extremities and right foot
     b.  Scarring and post-surgical complications
     c.  Immobility to a clinically significant degree
     d.  Generalized pain, tissue, muscle, and skeletal injuries
     e.  Fractured femur requiring surgery
     f.  Facial lacerations and scarring
     g.  Neck and lumbar injuries
     h.  Abdominal injury
     i.  Pain and suffering
     j.  Past and future medical care expenses
     k.  Loss of household services
     l.  Loss of pleasures of life and hedonic damages
     m.  Lost wages
     n.  Loss of earning capacity
     o.  Embarrassment, humiliation, and mental anguish.
     p.  Punitive damages.
     q.  Attorney fees and costs
     r.  Any recoverable economic and noneconomic damages
     s.  Any and all further legal or equitable relief the court deems appropriate.

29.     Each and every act and/or omission of each Defendant as set forth herein constituted conduct by Defendants pursuant to a custom, practice, or policy of deliberate or reckless indifference to Plaintiffs' constitutional rights and right to bodily integrity.

30.     Defendants recklessly or deliberately disregarded the grave, unjustifiable, and foreseeable risk of harm to Plaintiffs and affirmatively created that risk of harm.

41. Defendants breached their duty in the following particulars:

    a. Affirmatively creating—through acts, omissions, and policies—a risk of harm under circumstances in which Plaintiffs were foreseeable plaintiffs.

    b. Failing to cease or terminate the high-speed chase under circumstances where the continued pursuit was both unjustified and posed a foreseeable and unreasonable risk of harm to Plaintiffs.

    c. Substantially contributing—through acts, omissions, and policies—to the creation of a grave risk of harm under circumstances in which Plaintiffs were foreseeable plaintiffs.

    d. Failing to implement or enforce policies, directives, guidelines, or protocols which would have eliminated, reduced, or mitigated against the risk of harm to Plaintiffs under the circumstances alleged herein.

    e. Failing to adequately hire, train, retain, and supervise, employees and police officers.

    f. Exhibiting—through acts, omissions, and policies—reckless indifference to the bodily integrity and safety of Plaintiffs.

42. As a direct and proximate result of the aforementioned negligence and reckless disregard, Defendants proximately caused the injuries and damages to Plaintiffs as alleged herein.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in favor of Plaintiffs against the Defendants for all losses and damages being sought herein, including but not limited to compensatory and punitive damages, in addition to any other damages allowed by law in an amount in excess of the Compulsory Arbitration amount, Attorneys' fees, costs and expense

of litigation and any further relief including punitive damages, this Court deems just and appropriate.

## COUNT III

### 42 U.S.C. §1983 Violation of Plaintiffs' 14ᵗʰ Amendment Right to Bodily Integrity

*Plaintiffs v. All Defendants*

43. Plaintiff hereby incorporates paragraphs 1 – 35 of this Complaint by reference as if fully set forth herein.

44. At all times relevant hereto, there was in existence a fundamental constitutional right to bodily integrity which protected Plaintiffs' freedom from intrusion to their bodily integrity by the State or its actors, here, Defendants.

45. By their conduct, affirmative acts, omissions, and policies, as alleged herein, and acting under color of state law, Defendants created a danger to the said rights of Plaintiffs, which resulted in serious bodily injury, and thereby deprived Plaintiffs of their right to bodily integrity.

46. Defendants are thus liable under 42 U.S.C. §1983 which prohibits the deprivation of rights under color of state law when said rights are secured under the U.S. Constitution.

47. At all relevant times, Defendants had a duty to take reasonable measures to guarantee Plaintiffs' bodily safety and to no create under color of state law a danger to same.

48. At all relevant times, Defendants were aware, or should have been aware, that a substantial danger and risk of harm to Plaintiffs existed as a result of Defendants engaging, participating, supervising, partaking, orchestrating, or facilitating in any way the high-speed pursuit with Torrence under the circumstances and based upon the facts alleged herein.

49. The aforementioned conduct and policies of Defendants under the circumstances alleged herein, acting under color of state law, constituted reckless and deliberate indifference to the safety, bodily integrity, well-being, privacy and liberty of Plaintiffs, and was committed in conscious and

willful disregard for the substantial and/or unjustifiable risk of causing harm to motorists or pedestrians (including Plaintiffs) using the subject public streets or thoroughfares, and was so egregious as to shock the conscious.

50.     The aforementioned conduct and policies of Defendants, acting under color of state law, created a danger which otherwise would not exist but for their conscious disregard of the circumstances, foreseeable risk of harm, and pertinent information at their disposal, which resulted in the aforementioned severe bodily harm.

51.     At all relevant times, Defendants had a policy and practice which created an unreasonable risk of harm and /or injury, and were aware that said unreasonable risk was created.

52.     The severe physical and emotional harm caused to Plaintiffs was foreseeable and fairly direct to Defendants, as well as the result of Defendants' aforesaid acts, omissions, policy or practice.

53.     The aforementioned conduct of Defendants, acting under color of state law, created an opportunity for danger which otherwise would not have existed.

54.     The aforementioned conduct of Defendants, acting under color of state law, constitutes a breach of Defendants' duty and was in deliberate indifference to the danger and/or substantial risk of harm facing Plaintiffs so as to shock the conscience.

55.     At all times relevant hereto, Defendants were aware of and recklessly and deliberately indifferent to the need for terminating the police chase due to the grave and foreseeable risk of harm to Plaintiffs. Despite this knowledge, Defendants took no act and/or enforced no policy to terminate the chase.

56.     At all times relevant hereto, Defendants were aware of and recklessly and deliberately indifferent to the need for additional and/or different training, testing, rules, regulations, policies,

procedures, guidelines, directives, investigations and/or discipline relating to: policing, active pursuits, police chases, interdepartmental and intradepartmental dispatching and communications, proper handling of the alleged circumstances, police officer training, supervision and review; and risk assessment. Despite this knowledge, Defendants failed to implement and enforce the same and instead maintained a custom, policy/practice of failing to discipline and/or encouraging the aforesaid unnecessary, negligent, irresponsible, indifferent, and reckless acts alleged herein.

57.    Defendants' failure to properly train their employees, agents, officers representatives, including John Does, and other agents who interacted with Plaintiffs or the high-speed chase or the fleeing suspect and whose training and disciplinary history is known only to Defendants, after reasonable investigation and in the absence of any discovery, amounted to a deprivation of the Plaintiffs' right to bodily integrity under the 14th Amendment to the United States Constitution and deliberate indifference under the 14th amendment.

58.    The aforementioned conduct of all Defendants, acting under color of state law, violated Plaintiffs' constitutional right to bodily integrity, right to safety, and to substantive and procedural due process, as guaranteed by the fourteenth amendments to the united states constitution, and as remediable pursuant to 42 U.S.C. §1983.

59.    The conduct of all Defendants as set forth herein was the moving force behind the violation of and/or caused the violation of Plaintiffs' constitutional and civil rights as set forth herein.

60.    As a direct and proximate result of Defendants' violations of Plaintiffs' constitutional and civil rights, Plaintiffs sustained the bodily injuries, losses, and damages as set forth above and herein.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in favor of Plaintiffs against the Defendants for all losses and damages being sought herein, including but not

limited to compensatory and punitive damages, in addition to any other damages allowed by law in an amount in excess of the Compulsory Arbitration amount, Attorneys' fees, costs and expense of litigation and any further relief including punitive damages, this Court deems just and appropriate.

## COUNT IV

### Article I, Section 8 of the Constitution of the Commonwealth of Pennsylvania  Violation of Plaintiffs' Right to Bodily Integrity

*Plaintiffs v. All Defendants*

61.     Plaintiff incorporates by reference paragraphs 1-53 as if fully set forth herein.

62.     Defendants' conduct, acting under color of State law, as alleged herein, violated Plaintiffs' rights to bodily integrity under Article I, Section 8 of the Pennsylvania Constitution.

63.     Defendants' unconstitutional conduct as alleged herein was the direct and proximate cause of Plaintiffs' injuries, losses, and damages, as alleged herein.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in favor of Plaintiffs against the Defendants for all losses and damages being sought herein, including but not limited to compensatory and punitive damages, in addition to any other damages allowed by law in an amount in excess of the Compulsory Arbitration amount, Attorneys' fees, costs and expense of litigation and any further relief including punitive damages, this Court deems just and appropriate.

## COUNT V – Municipal Liability

*PLAINTIFFS v. WEST HOMESTEAD BOROUGH and ROE Entities*

64.     Plaintiff hereby incorporates paragraphs 1 – 56 of this Complaint by reference as if set forth fully herein.

65.     Prior to the date of loss, Defendants:

a.  Failed to develop policies which would protect Plaintiffs' constitutional rights to bodily integrity; or

b.  Developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons, including Plaintiffs, within the Defendant's geographical or jurisdictional reach.

66.     As a result of Defendants' failure to develop protective policies or development of policies of deliberate indifference, Plaintiffs sustained the harm, losses, and damages alleged herein.

67.     Defendants, by and through their responsible decision-makers and policy-makers, including Rozzo and some John Does, directly participated, orchestrated, and executed the unconstitutional conduct alleged herein and directed, authorized and condoned their subordinates' affirmative acts which created the danger to Plaintiffs' bodily integrity.

68.     The violation of Plaintiffs' constitutional rights as alleged herein was directly and proximately caused by the actions, inactions, policies, and customs of Defendants, who have also encouraged, tolerated, ratified, and has been deliberately indifferent to the unlawful conduct, policies, patterns, practices and customs, and to the need for more training, supervision, investigation, or discipline in the area of policing and high speed pursuits in populated streets.

69.     It was the policy, custom and/or practice of Defendants to allow high-speed pursuits in populated streets even when the pursuit would be unjustifiable under the circumstances, leaving the decision of whether or not terminate the pursuit to the arbitrary discretion of the police officer.

70.     Defendants' deficient policies and customs, or its failure to enforce, modify, terminate and adopt necessary and appropriate policies, practices, customs, and procedures, demonstrated a deliberate indifferent on the part of the policymakers of the Descendants, and has continued to

serve as the moving force behind, and the cause of, the violation of Plaintiffs' rights as alleged herein as well as the claimed damages resulting therefrom.

71.     But for the deliberate indifference of the Defendants, the injuries, which were suffered by Plaintiffs would not have occurred.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in favor of Plaintiffs against the Defendants for all losses and damages being sought herein, including but not limited to compensatory and punitive damages, in addition to any other damages allowed by law in an amount in excess of the Compulsory Arbitration amount, Attorneys' fees, costs and expense of litigation and any further relief including punitive damages, this Court deems just and appropriate.

## COUNT VI- Vicarious Liability

### PLAINTIFF v. WEST HOMESTEAD BOROUGH; WEST HOMESTEAD POLICE DEPARTMENT; JOHN AND ROE ENTITIES.

72.     Plaintiff hereby incorporates paragraphs 1 – 64 of this Complaint by reference as if set forth fully herein.

73.     Defendants are vicariously liable under the doctrine of *respondeat superior* for their agents' negligent and unconstitutional acts as alleged herein, where the same occurred in the course and scope of employment with Defendants, under color of state law, and caused the damages claimed by Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in favor of Plaintiffs against the Defendants for all losses and damages being sought herein, including but not limited to compensatory and punitive damages, in addition to any other damages allowed by law in an amount in excess of the Compulsory Arbitration amount, Attorneys' fees, costs and expense

of litigation and any further relief including punitive damages, this Court deems just and appropriate.

## JURY DEMAND

74.    A trial by jury of the issues raised by the pleadings in the above-entitled action is hereby demanded pursuant to Pa.R.C.P. 1007.1(a).

Respectfully submitted,

By:_____

David M. Romanow (ID No. 311051)
*Attorney for Plaintiffs*

_____

Ismail N. Yousef (ID No. 314481)
*Attorney for Plaintiffs*

## CERTIFICATION

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than nonconfidential information and documents.

Date: 5-22-2024

By: _____

David M. Romanow (ID No. 311051)
*Attorney for Plaintiffs*

_____

Ismail N. Yousef (ID No. 314481)
*Attorney for Plaintiffs*

## VERIFICATION

We, the Plaintiffs, Lexis Windsheimer and Kayona Smart, verify that the statements made in the foregoing **Complaint In Civil Action** are true and correct. We understand that false statements are made subject to penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

Date: _____

_____

Lexis Windsheimer

_____

Kayona Smart