IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEXIS WINDSHEIMER and KAYONA SMART,<br><br>    Plaintiffs,<br><br>    v.<br><br>WEST HOMESTEAD BOROUGH; WEST HOMESTEAD POLICE DEPARTMENT; CHARLES ROZZO; JOHN DOES I THROUGH II, INCLUSIVE; AND, ROE BUSINESS ENTITIES I THROUGH II, INCLUSIVE,<br><br>    Defendants. | CIVIL DIVISION<br><br>No.: 2:24-cv-00620 |

**<u>DEFENDANTS' BREIF IN SUPPPORT OF 12(b)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT</u>**

AND NOW, comes the Defendants, West Homestead Borough, West Homestead Police Department, Charles Rozzo and John Does I through II, inclusive by and through their attorneys, Mark R. Hamilton, Esquire, Colton T. Blair, Esquire and Summers, McDonnell, Hudock, Guthrie & Rauch, P.C. and submit Defendants' Brief in Support of their 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint and states:

**<u>INTRODUCTION</u>**

Plaintiffs' Complaint should be dismissed against West Homestead Borough, West Homestead Police Department and Police Chief Charles Rozzo as the allegations raised are either not supported by the facts alleged by the Plaintiffs or are based upon improper statements of the law. Plaintiffs have accused the Defendants of various failures to either prevent a high-speed chase from occurring or failing to implement procedures that would have protected the Plaintiffs. The

1

law within Plaintiffs' Complaint contains various inaccuracies that prevent an actionable claim from being pursued. Accordingly, Defendants are asking this Honorable Court to dismiss this action.

## BACKGROUND FACTS

On November 16, 2022, an individual by the name of McKinnley Torrence (hereinafter "Torrence") initiated a high-speed chase with various police departments by his excessive speed and unsafe maneuvers. Torrence continued his aggressive and unlawful operation of a vehicle through Duquesne, eventually moving past West Homestead into Pittsburgh's South Side. As Torrence proceeded through various municipalities, the relevant police departments of McKeesport, Duquesne and West Homestead became involved in pursuit of his vehicle. After Torrence passed through West Homestead, followed by a West Homestead Police Officer (John Doe I), he proceeded into the opposing lane and collided with the Plaintiffs. This accident caused severe injury to Plaintiffs in the form of multiple fractures, lacerations and other various complications to Plaintiffs.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *See also Umland v. PLANCO Fin. Ser. Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

In evaluating a Rule 12(b)(6) Motion to Dismiss for failure to state a claim, a court may consider only the complaint, the exhibits attached to the complaint, matters of public record and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *see also Tellabs, Inc. v. Makar Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). In civil rights cases, a plaintiff must set forth his/her allegations with greater specificity than notice pleading otherwise requires. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 66 (3d Cir. 1986).

Plaintiffs' state law claims against these Defendants are subject to the provisions of Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. 2 § 8541-8564 (hereinafter "PSTCA"). The PSTCA affords governmental immunity to local agencies and employees thereof. 42 Pa.C.S.A. § 8541 (subject to nine "exceptions to said immunity). The exception to government immunity which allow Plaintiffs' state law claims is to proceed is that of "Vehicle Liability" defined as "the operation of any motor vehicle in the possession or control of the local agency…". 42 Pa.C.S. § 8542(b)(1).

## **ARGUMENT**

**I.    Count I of Plaintiffs' Complaint Purports to Set Forth a Claim of Negligence under Pennsylvania Law Against a Defendant Without Providing Sufficient Facts to Support a Claim**

In Count I of Plaintiffs' Complaint, John Doe I is charged with negligence under the Political Subdivision Tort Claims Act. Specifically, this was in relation to his operation of the

police cruiser at the time of the accident. There is no secret as to the identity of "John Doe I". It is Charles Lincoln ("Lincoln"), then an Officer of West Homestead who is identified by name in all relevant police records of this incident, each of which have been supplied to the Plaintiffs in responses to their right to know requests. Inexplicably, Plaintiffs name John Doe II as another named party to this claim without providing any facts supporting this claim.

"To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC,* 578 F.3d 203 (3rd Cir. 2009). For a claim to proceed against John Doe II, Plaintiffs would have to provide factual allegations supporting a negligence claim against this individual. The Complaint, however, merely states that John Doe II is subject to the Political Subdivision Tort Claims. See Plaintiffs' Complaint ¶¶ 36-37.

Here, there are no facts which support John Doe II's inclusion in Count I of Plaintiffs' Complaint. Therefore, Plaintiffs' Count I should be dismissed as to John Doe II as there does not exist facts to support a claim against him.

II.  **Count II of Plaintiffs' Complaint Fails to Plead an Exception to the Political Subdivision Tort Claims Act to Impose Liability**

Count II of Plaintiffs' Complaint is directed to John Doe II, an individual labeled by the Plaintiffs as an employee of West Homestead Police Department. See Plaintiffs' Complaint ¶ 49. Plaintiffs state that John Doe II was operating in his duties as an employee of West Homestead Police Department. See Plaintiffs' Complaint ¶ 49.

The Political Subdivision Tort Claims Act imposes a shield of governmental immunity against any damages arising from any injury to any person or property caused by any act of a local agency or its employees or agents except within the limited avenues for recovery provided by the statute. *Kiley by Kiley v. City of Philadelphia*, 645 A.2d 184, 185 (Pa. Cmwlth. 1994).

For Plaintiffs to survive a motion to dismiss, an exception to the Political Subdivision Tort Claims Act needs to be cited as the basis for overcoming government immunity. Plaintiffs' Complaint, however, merely sets forth vague and unsubstantiated allegations negligence directed to John Doe II, a pleading that is directly barred by the Political Subdivision Tort Claims Act. 42 Pa. C.S.A. § 8541. Therefore, Plaintiffs' Count II should be dismissed as it does not plead a cause of action recognizable under the Political Subdivision Tort Claims Act.

### III. Plaintiffs' Complaint Does Not Set Forth a Claim Against Police Chief Charles Rozzo Under the Pennsylvania Political Subdivision Tort Claims Act

Count IV of Plaintiffs' Complaint alleges Negligence against Police Chief Charles Rozzo. Throughout Plaintiffs' Complaint it has been clear that John Doe I was the individual driving the police cruiser at the time of accident, and John Doe II was the radio operator, but there have been no allegations concerning Police Chief Charles Rozzo.

As Police Chief Charles Rozzo is protected under the Political Subdivision Tort Claims Act, liability can only be imposed with a properly pled exception. 42 Pa.C.S. § 8542(b). The Pennsylvania Supreme Court has held that the term "operation" as it is used in Section 8542(b)(1)

is to be strictly construed to mean actually putting a vehicle in motion. *City of Philadelphia v. Love*, 509 A.2d 1388 (Pa. 1986), *aff'd* 543 A.2d 531 (Pa. 1988).

Plaintiffs state that Police Chief Charles Rozzo is liable under this section due to the policies that were either not in place or not enforced. See Plaintiffs' Complaint ¶¶ 60-62. There are no allegations relating Defendant Rozzo to the specific vehicle involved in this accident. Without providing any supporting facts that would indicate a possible claim under the "vehicle exception", Plaintiffs' Count IV claim against Police Chief Charles Rozzo must be dismissed.

### IV.   The Facts, as Pled, Do Not Support a Right to Bodily Integrity in Count V of Plaintiffs' Complaint

Plaintiffs' allege that Defendants violated Plaintiffs' right to bodily integrity under the 14th Amendment. Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005).

A deprivation of a constitutional right related to a vehicular police pursuit is analyzed pursuant to the Due Process Clause of the Fourteenth Amendment. *See County of Sacramento v. Lewis*, 523 U.S. 833 (1998). In *Lewis*, the Supreme Court stated "the substantive component of the Due Process Clause is violated by executive action only when it can properly be characterized as

arbitrary, or conscience shocking, in a constitutional sense." *Id.* at 847. In accordance with this standard, the Supreme Court held in *Lewis* that "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment." *See Lewis*, 525 U.S. at 854.

Reiterating Plaintiff's claims, there are vague and broad assertions that the pursuing police officer was negligent in not calling off his chase prior to the accident. Under this standard, however, a plaintiff must allege facts showing an "intent to harm" on the part of a pursuing police officer to plausibly allege a constitutional violation. In *Lewis*, the Supreme Court stated that "conduct deliberately intend to injure in some way unjustifiable by any governmental interest is the sort of official action most likely to rise to the conscience-shocking level." *See Lewis*, 523 U.S. at 834.

Plaintiffs' Complaint offers a governmental interest in a police pursuit against Mr. Torrence as he was proceeding through various locations at an extremely high rate of speed and surrounded by pedestrians. Plaintiffs' Complaint ¶¶ 14-20. Here, there are no facts indicating that the pursuing officer intended to inflict harm and he had a government interest in pursuing Mr. Torrence. Therefore, Plaintiffs' claims in Count V fail on both accounts.

**V.     Plaintiffs' Allegations are Insufficient in Count VI to Sustain a § 1983 Claim Against West Homestead Borough, West Homestead Police Department and Police Chief Charles Rozzo**

What has been commonly named after the controlling case in this area, Plaintiffs' *Monell* claim fails for (1) their failure to state a constitutional deprivation and (2) not providing sufficient facts to allege a failure for to execute policy or custom.

Section 1983 is the vehicle by which private citizens can seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. Municipalities, such as the Borough, are considered "persons" under § 1983 and may be held liable for injuries caused by violations of constitutional rights. *See Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). They can only be held liable, however, "for their own illegal acts." *See Pambaur v. Cincinnati*, 475 U.S. 469, 481 (1986). It is only when a municipality's "execution of a policy or custom…inflicts the injury" that the municipality "as an entity is responsible under § 1983." *See Monell*, 436 U.S. at 694.

To plead a Section 1983 claim against a municipality, a plaintiff must allege (1) an underlying constitutional violation (2) caused by the municipality's execution of a municipal policy or custom. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). In order to recover from a municipality under this theory of liability, a plaintiff must show "a direct causal link between the municipal policy or custom and the alleged constitutional deprivation." *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989). A plaintiff attempting to establish a *Monell* claim must "identify a custom or policy and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

In the alternative, a municipality may be liable under Section 1983 for a failure to train, monitor or supervise-however, the failure alleged in such a circumstance must amount to "deliberate indifference to the constitutional rights of persons with whom the police come in contact." *City of Canton*, 489 U.S. at 388. To establish indifference in this context, a plaintiff must generally show the failure alleged "has caused a pattern of violations." *See Berg v. County of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000).

Plaintiffs' Complaint contains conclusory allegations as opposed to facts related to the existence of a specific governmental policy or how that policy caused Plaintiffs' injuries. For example, Plaintiffs make the following claim, "At all times relevant hereto, Defendants as part of their official duties and day to day operations were obligated to and yet failed to: implement and enforce policies, protocols directives and procedures respecting the maintenance of the subject vehicle…" Plaintiffs' Complaint ¶ 81(a). Absent, however, are any factual allegations discussing what exact policies led to the incident complained of. Rather, it is full of vague and illusory statements that fall below the required standard of a *Monell* claim.

As has been discussed in Plaintiffs' Count V, they also fail to properly plead a constitutional deprivation. A deprivation of a constitutional right related to a vehicular police pursuit is analyzed pursuant to the Due Process Clause of the Fourteenth Amendment. *See County of Sacramento v. Lewis*, 523 U.S. 833 (1998). In *Lewis*, the Supreme Court stated that "the substantive component of the Due Process Clause is violated by executive action only when it 'can

properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.' *See Id.* at 847. In accordance with this standard, the Supreme Court held in *Lewis* that "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment." *See Lewis*, 525 U.S. at 854.

Under this standard, a plaintiff must allege facts showing an "intent to harm" on the part of the pursuing police officer to plausibly allege a constitutional violation. *Lewis* stated that "conduct deliberately intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *See Lewis*, 523 U.S. at 834. Plaintiffs' Complaint offers a government interest in a police pursuit against Mr. Torrence as he was proceeding through various locations at an extremely high rate of speed and surrounded by pedestrians. Plaintiffs' Complaint ¶¶ 14-20.

Despite Plaintiffs' failure to plausibly allege a substantive due process violation, however, Third Circuit precedent pertaining to police pursuit "requires the district court to review the plaintiff[s] municipal liability claim independently of the section 1983 claim." *See Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996). Plaintiffs' Complaint alleges that "…Defendants under color of state law, adopted a "Pursuit Policy" which proximately deprived Plaintiffs of their constitutional right to bodily integrity by: (a) Creating a danger which otherwise would not have existed under circumstances that it was substantially certain to result in death or grave bodily harm to the foreseeable Plaintiffs." Plaintiffs' Complaint ¶ 83(a). The above-mentioned paragraph does

not state how the policy caused the danger or how it was substantially certain to result in injury; further, it merely reflects the legal standard without the presence of substantiating facts.

At the same time, Plaintiffs' Complaint also alleges that the Pursuit Policy deprived Plaintiffs of their constitutional right to bodily integrity by: "(e) Not enforcing by disciplinary measures or directives both the instant and prior, similar instances of official misconduct under the circumstances." Plaintiffs' Complaint ¶ 83(e). Again, Plaintiffs are not consistent in the manner by which the alleged conduct occurred; at first, they allege that the policy itself created a danger while simultaneously claiming that the danger was born out of a lack enforcement.

To plead a *Monell* claim, a plaintiff "must identify a custom or policy and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Plaintiffs' Complaint fails to allege any facts related to the existence of a municipal policy or custom or how the alleged policy or custom allowed the alleged constitutional violation to occur, or to identify a policymaker or decision maker responsible for a policy or custom. Plaintiffs' allegations consist of conclusory assertions that parrot the relevant legal standard rather pleading specific facts, but they are internally inconsistent – on the one hand, the Plaintiffs assert that the Defendants need to adopt further policies while also alleging they improperly enforced the relevant policies. *See* Plaintiffs' Complaint ¶ 83.

Plaintiffs' Complaint also alleges a failure to properly train their officers. Plaintiffs' Complaint ¶¶ 96-97. With regard for a failure to train *Monell* claim, "a pattern of similar

11

constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *See Connick v. Thompson*, 563 U.S. 51, 62 (2011). Here, Plaintiffs are relying on a single incident, or at least cite to no other instances, to support their claim. *See* Plaintiffs' Complaint ¶¶ 96-100. Because Plaintiffs are relying on a single incident, they must allege that policymakers "know to a moral certainty" that the alleged deprivation would occur and that the need for further training was accordingly "plainly obvious". *See City of Canton*, 489 U.S. at 390.

Plaintiffs' Complaint, again, fails to plead allegations in accordance with this policy. Plaintiffs merely assert vague and cursory allegations that reflect the legal standard as opposed to substantiated facts that would give these Defendants the opportunity to mount a defense.

## **CONCLUSION**

Whether it be broad and vague allegations of negligence, or a failure to specify any fact which substantiates a *Monell* claim, Plaintiffs' Complaint fails to articulate a viable theory of liability under federal or state law and must be dismissed.

**JURY TRIAL DEMANDED**

                              Respectfully Submitted,

                              SUMMERS, MCDONNELL, HUDOCK,
                              GUTHRIE & RAUCH, P.C.

By: _/s/ Mat R. Hill_

        Mark R. Hamilton
        Pa. ID No. 29919
        811 Camp Horne Road, Ste. 220
        Pittsburgh, PA 15237
        (Tel) 412-261-3232
        mhamilton@summersmcdonnell.com

By:   *Colton T. Blair*

        Colton T. Blair
        Pa. ID No. 333088
        811 Camp Horne Road, Suite 220
        Pittsburgh, PA 15237
        (Tel) 412-261-3232
        cblair@summersmcdonnell.com

        *Counsel for Defendants, West Homestead Borough, West Homestead Police Department, Police Chief Charles Rozzo and John Does I through II, Inclusive*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of June, 2024, a true and correct copy of the foregoing **DEFENDANTS' BRIEF IN SUPPORT OF 12(b)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** was filed with the Court via CM/ECF system, which will automatically send notice to all counsel of record.

                                             SUMMERS, MCDONNELL, HUDOCK,
                                             GUTHRIE & RAUCH, P.C.

By: _/s/ Mark R. Hamilton_____
       Mark R. Hamilton, Esquire